# In re Election of Straban Township School Directors

652

*E. V. Bulleit*, for plaintiff.

SHEELY, P. J., December 27, 1937.—This is an election contest of the fifth class under section 1711 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333. The petition filed in compliance with section 1756 of the code sets forth that at the general election held in Straban Township in November 1937 two school directors were to be elected. The highest number of votes for said office was received by Guy Starner and Herman Benner; no person by the name of Herman Benner, or any person having a similar name, resides in said township; the name "Herman Benner" was returned by the election officials of said township as a nominee of the Republican Party for school director, although the voters of said township cast their ballots for "Harmon Beamer"; at the general election the voters intended to cast their ballots for Harmon Beamer and intended that their vote for Herman Benner should be interpreted as a vote for Harmon Beamer. . . .

*Discussion*

An examination of the testimony and of the records in this case leaves no doubt in our minds that the present difficulty is due entirely to an error of the township election officials. It seems clear that the votes cast at the primary election for Harmon Beamer were erroneously returned as having been cast for Herman Benner. Had the error been discovered in time, it could have been corrected under section 1703 of the Pennsylvania Election Code of 1937, supra, but, unfortunately, it was not discovered, and the county board of elections caused the ballots for the general election to be printed with the name Herman Benner included as a Republican nominee for the office of school director.

The question presented is whether, under the circumstances here disclosed, the court can say that Harmon Beamer was elected to office by reason of the votes cast for Herman Benner, or whether the misstatement of the name of the candidate rendered the ballot ". . . so defective as to the office in contest as to be calculated to mislead the voters in regard to any of the candidates nominated . . . and that the defective condition of said ballots . . . may have affected the result of the entire . . . election for said office". If the latter condition exists, we are required by section 1772 of the Pennsylvania Election Code of 1937 to declare said election invalid as regards the office in question.

Section 1772 of the Pennsylvania Election Code of 1937 is taken from section 29 of the Act of June 10, 1893, P. L. 419, as amended by section 1 of the Act of April 14, 1897, P. L. 23, 25 PS §1771. In a case arising under this prior act a question was presented as to whether votes cast for "James B. Lambing" could be counted for John Lambing, it being shown that no person by the name of James B. Lambing resided in the district, and it being shown that such name was placed on the ballot by mistake, and a number of ballots were cast therefor by electors who supposed they were voting for John Lambing. Judge Walling of Erie County said in Contested Election of Corry School Director, 18 Dist. R. 4:

"A ballot is a written instrument which may be explained but not contradicted by parol evidence. The intent of the voter must appear, in the light of the circumstances, by what he did and not by his evidence of what he intended to do. Where a man is known by two names, a vote for either should be counted. Or where the initials only of the Christian name are given, it is sufficient; a vote for J. S. Lambing should be counted for John Lambing, being the same man. But the ballot must in some way identify the man. There is no presumption that the nominee of one party is also the nominee of another party. There is no presumption that John Lambing on the Demo-

cratic ticket is, the same man as James B. Lambing on the Socialist ticket; and in order to be treated as such, the name must appear to mean the same man. In other words, he must be known by both names. . . . Any name by which a man is generally known is sufficient upon a ballot."

The court held that under the circumstances there was such a misstatement of the name of the candidate as to be calculated to mislead the voters and which may have affected the result of the election for said office and that the election must be held invalid: Contested Election of Corry School Director, supra.

In the present case Herman Benner received 254 votes, and the next highest candidate received 235 votes. We know that some electors who voted for Benner intended to vote for Beamer, but we cannot find that all of the 254 electors who voted for Benner intended their ballots for Beamer. The misstatement of the name of the candidate was such as to render the ballot so defective as to be calculated to mislead the voters, and the defective condition of said ballot may have affected the result of the election for said office. Any other interpretation of the facts in this case would amount to mere speculation as to the intent of the voters. It is, therefore, our duty to declare the election invalid as regards the office of school director, and to declare that a vacancy exists in said office: Foy's Election, 228 Pa. 14 (1910).

And now, December 27, 1937, upon consideration of the foregoing case it is hereby declared that the election of Herman Benner as school director of Straban Township in the general election held on November 2, 1937, was invalid by reason of the misstatement of the name of the candidate upon the ballot, and it is ordered and decreed that this order be reported to the Board of School Directors of Straban Township, and that a certified copy thereof be transmitted to the Secretary of the Commonwealth and to the county board of elections. The costs of this proceeding to be paid by the county.